**JIANHUA QIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5590–ag.

United States Court of Appeals, Second Circuit.

Oct. 31, 2008.

forward our order to this Court's Grievance Panel.

---

Jim Li, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Tim Ramnitz, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jianhua Qin, a native and citizen of China, seeks review of the November 20, 2007 order of the BIA affirming the August 19, 2005 decision of Immigration Judge ("IJ") Steven Abrams denying Qin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jianhua Qin*, No. A97 935 947 (B.I.A. Nov. 20, 2007), *aff'g* No. A97 935 947 (Immig. Ct. N.Y. City Aug. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

We defer to the BIA's rule that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir.2000) (*citing* 8 C.F.R. §§ 208.13(a), 208.16(b)).

Here, the IJ expressed concerns regarding Lin's testimony, finding that she gave inconsistent, evasive answers and testified implausibly. The IJ therefore determined that Lin's testimony alone was insufficient to satisfy her burden of proof and proceeded to evaluate her corroborating evidence to determine whether she was eligible for relief. He did not make an explicit adverse credibility determination—a failure we regret, as it complicates our review. But he did express sufficient doubts, based on valid facts in the record, so that rehabilitation of petitioners' claims, through corroboration could properly be required.

Before denying a claim because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo*, 232 F.3d at 290. The agency's determina-

tion that a particular piece of corroborating evidence is available to the applicant (and thus whether it should "reasonably be expected") is a finding of fact to which this Court defers under the substantial evidence standard. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563, 568 (2d Cir.2006).

Here, the agency could correctly conclude that Qin failed to present relevant corroborating evidence that was reasonably available. Therefore, it also could correctly conclude that Qin failed to meet her burden of proof. *See Diallo*, 232 F.3d at 285–86. Indeed, while Qin's political activity was the central element of her claim, she failed to corroborate that activity other than providing a letter, allegedly from a party Chairman. The IJ reasonably discounted that letter because it contained only a general description of her role in the party and lacked detail. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ). The IJ also properly observed that Qin failed to provide evidence corroborating her attendance at party planning meetings or any of her other political activities. The BIA's determination that such evidence was reasonably available to her was supported by substantial evidence particularly when Qin herself admitted that she could have obtained that evidence. *See Kyaw Zwar Tun*, 445 F.3d at 563, 568.

In light of Qin's failure to produce reasonably available material evidence, the agency could properly find that she failed to meet her burden of establishing her eligibility for asylum. *See Diallo*, 232 F.3d at 285–86. Furthermore, because Qin was unable to establish her eligibility for asylum, she was also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).[1]

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED.

---

1. By failing to challenge the agency's denial of CAT relief in her brief to this Court, Qin has waived any such claim. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

